IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUFINO URQUIDI CASTILLO,

    Petitioner,

v.                                                                     Civ. No. 25-0694-KG-DLM

STATE OF NEW MEXICO,

    Respondent.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Rufino Urquidi Castillo's *pro se* Letter-Petition Raising 28 U.S.C. § 2254 Claims. (Doc. 1) (Petition). Petitioner challenges his state criminal convictions based on, inter alia, prosecutorial misconduct. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Petitioner to amend his Petition; comply with the filing fee requirement; and address the failure to exhaust state remedies.

I.    Background[1]

This case arises from Petitioner's state battery convictions. On April 21, 2025, a jury convicted Petitioner of aggravated battery with a deadly weapon; aggravated battery causing great bodily harm; and battery upon a peace officer. (Verdicts) in D-202-CR-2023-2700. The state court sentenced Petitioner to a total term of twenty-one (21) years incarceration, with eight (8) years suspended. (Judgment) in D-202-CR-2023-2700. Judgment was entered on September 25, 2025. *Id.* Petitioner filed a direct appeal, which is pending before the New

---

[1] The background facts are taken from the Petition and the state criminal docket cited in the Petition, Case No. D-202-CR-2023-2700. The state criminal docket is subject to judicial notice. *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

Mexico Court of Appeals (NMCA). (Notice of Appeal) in D-202-CR-2023-2700.

Petitioner filed this case on July 24, 2025. Construed liberally, the handwritten Petition alleges the state prosecutor was biased and/or committed misconduct. (Doc. 1) at 1. The Petition further alleges the state court erred with respect to sentencing and the rules of criminal procedure. *Id.* The Court discerns Petitioner seeks to vacate his convictions or sentence pursuant to 28 U.S.C. § 2254. *See Naves v. Bigelow*, 565 Fed. App'x 678, 679 n.1 (10th Cir. 2014) ("A proceeding under § 2254 is the proper vehicle for a challenge to the validity of a [state] conviction or sentence"). As discussed below, Petitioner must amend his pleading and overcome certain procedural requirements to proceed under Section 2254.

II.     Discussion

*(a) Petitioner Must Amend and Address the Filing Fee Requirement.*

Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the judge must order the [Attorney General] to file an answer." *Id.*

To survive initial review, a habeas petition must specify the respondents against whom the petitioner seeks relief; specify the grounds for relief and the facts supporting each ground; and state the relief requested. *See* Habeas Rule 2(b). The instant Petition consists of three sentences. Petitioner alleges general error by the state court and attaches a state filing addressing whether the prosecutor should be removed. (Doc. 1) at 1, 2. Absent further detail, the Petition does not meet the requirements of Habeas Rule 2(b). The Court will require Petitioner to file an amended pleading on the form Section 2254 petition. The amendment is

2

due within thirty (30) days of entry of this Order. By the same deadline, Petitioner must also pay the $5.00 habeas filing fee or file a motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Such motion must attach an inmate account statement reflecting Petitioner's final account balance. *See* Habeas Corpus Rule 3(a)(2) (requiring the account statement in Section 2254 cases).

*(b) The Amendment Must Address the Failure to Exhaust State Remedies.*

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief under Section 2254. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Said differently, Petitioner must present each claim to the New Mexico Supreme Court (NMSC) before obtaining relief under Section 2254. "The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007).

As noted above, Petitioner filed his direct appeal last month, and that matter is still pending before the NMCA. He has not presented any claim to the NMSC. Hence, Petitioner's amended Section 2254 petition must address why his case should not be dismissed without prejudice for failing to exhaust state remedies. If Petitioner concedes the failure to exhaust, he need not pay a filing fee or otherwise respond to this ruling. The failure to timely comply with each directive in this ruling may result in dismissal without prejudice. Petitioner may then refile

his claims after the criminal judgment becomes final through the exhaustion of court remedies.

IT IS ORDERED:

1. Within thirty (30) of entry of this Order, Petitioner must file an amended Section 2254 petition. The amended petition must address why the claims should not be dismissed without prejudice for failing to exhaust state remedies.

2. By the same deadline, Petitioner must pay the $5.00 habeas filing fee or file a properly supported motion to proceed *in forma pauperis*.

3. The Clerk's Office shall mail Petitioner a blank 28 U.S.C. § 2254 petition and a blank motion to proceed *in forma pauperis*.

/s/Kenneth J. Gonzales\
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.