IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUFINO URQUIDI CASTILLO,

Petitioner,

v. Civ. No. 25-0694-KG-DLM

STATE OF NEW MEXICO,

Respondent.

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Rufino Urquidi Castillo's *pro se* Show-Cause Response Amending 28 U.S.C. § 2254 Claims and Addressing Exhaustion. (Doc. 10) (Response). Petitioner challenges his state criminal convictions based on, inter alia, due process violations. The Court previously directed him to amend his petition and show cause why the claims should not be dismissed as premature for failure to exhaust state remedies. Having reviewed the responses and applicable law, the Court will dismiss this case without prejudice to refiling after the exhaustion process is complete.

## I. Background[1]

This case arises from Petitioner's state battery convictions. On April 21, 2025, a jury convicted Petitioner of aggravated battery with a deadly weapon; aggravated battery causing great bodily harm; and battery upon a peace officer. (Verdicts) in D-202-CR-2023-2700. The state court sentenced Petitioner to a total term of twenty-one (21) years incarceration, with eight

[1] The background facts are taken from the Petition and the state criminal docket cited in the Petition, Case No. D-202-CR-2023-2700. The state criminal docket is subject to judicial notice. *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

(8) years suspended. (Judgment) in D-202-CR-2023-2700. Judgment was entered on September 25, 2025. *Id.* Petitioner filed a direct appeal, which is currently pending before the New Mexico Court of Appeals (NMCA). (Notice of Appeal) in D-202-CR-2023-2700; *see also* (Docket Sheet) in A-1-CA-43120.

Petitioner filed this case on July 24, 2025. The opening Petition consists of three sentences and attaches several state court pleadings from Case No. D-202-CR-2023-2700. Construed liberally, the opening Petition seeks relief under 28 U.S.C. § 2254. *See Naves v. Bigelow*, 565 Fed. App'x 678, 679 n.1 (10th Cir. 2014) ("A proceeding under § 2254 is the proper vehicle for a challenge to the validity of a [state] conviction or sentence"). Petitioner alleges the state prosecutor was biased and/or committed misconduct. (Doc. 1) at 1. The opening Petition further alleges the state court erred with respect to sentencing and the rules of criminal procedure. *Id.*

By a ruling entered November 18, 2025, this Court screened the opening Petition and determined it does not meet the pleading requirements of Habeas Rule 2(b). (Doc. 2) (Screening Ruling). Specifically, the opening Petition did not specify the respondents against whom the petitioner seeks relief; specify the grounds for relief and the facts supporting each ground; and state the relief requested. *See* Habeas Rule 2(b). The Court also determined Petitioner failed to complete the state exhaustion process before filing his federal claims. Petitioner was permitted to amend his Section 2254 claims and include a response showing cause, if any, why this proceeding should not be dismissed without prejudice based on the failure to exhaust state remedies.

Petitioner filed a Response (Doc. 10) to the Screening Ruling, which raises amended claims

under Section 2254 and discusses the failure to exhaust state remedies. Petitioner also filed several motions addressing procedural matters. The Court will address each filing below.

## II. Standard of Review

Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the judge must order the [Attorney General] to file an answer." *Id.* To survive initial review, a habeas petition must specify the respondents against whom the petitioner seeks relief; specify the grounds for relief and the facts supporting each ground; and state the relief requested. *See* Habeas Rule 2(b).

## III. Procedural Motions

Petitioner filed five procedural motions along with his Response. In two motions, he seeks leave to proceed *in forma pauperis*. (Doc. 11, 14) (IFP Motions). The Court will grant the IFP Motions, which reflect Petitioner cannot afford to pay the $5.00 habeas filing fee. Petitioner also filed a Motion Regarding Obstruction, which alleges prison officials will not provide a new financial statement. (Doc. 13). The Court will deny that motion as moot, as the existing financial statement provides sufficient information to rule on the IFP Motions.

Petitioner's remaining motions address how Docket No. 6 – an image of a returned mailing envelope – was scanned. His Motion for Proof of Service alleges the envelope was scanned horizontally instead of vertically. (Doc. 8) at 1. Petitioner's Motion Seeking Authentication makes the same allegation and notes the postage stamp is not part of the scanned image. (Doc. 15). Both motions will be denied, as the scanned image of a returned mailing

envelope has no impact on this case.

IV. The Response Fails to Overcome the Exhaustion Requirement

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief under Section 2254. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). *See also* 28 U.S.C. § 2254(b)(1) (setting forth a statutory exhaustion requirement). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Said differently, Petitioner must present each claim to the New Mexico Supreme Court (NMSC) before obtaining relief under Section 2254. "The exhaustion requirement can only be excused in the absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007).

As the Screening Ruling explains, the record clearly reflects that the criminal judgment is not final, and Petitioner has not yet presented his federal claims to the NMSC. Petitioner filed a direct appeal after entry of the criminal judgment, and that matter is still pending before the NMCA. The state docket sheet reflects that Petitioner's state appellate counsel filed the reply brief several weeks ago, on July 4, 2026. *See* Docket Sheet in *Castillo v. State of New Mexico,* Case No. A-1-CA-43120. Hence, Petitioner has not exhausted state remedies.

The Screening Ruling set out the above procedural history and allowed Petitioner to address the exhaustion requirement. In his Response, Petitioner asks the Court to overlook the requirement so that he can prosecute a concurrent Section 2254 proceeding while his direct appeal is pending. The Response states:

(a) The exhaustion requirement is not applicable. Petitioner alleges this proceeding should focus on fairness and human rights, rather than whether he satisfied the statutory exhaustion requirement. (Doc. 10) at 5.

(b) Petitioner exhausted state remedies by working with counsel and filing the pending direct appeal. Any "external" (*i.e.,* additional) requirements would obstruct the rights of incarcerated individuals. *Id.* at 3.

(c) The State withheld discovery, and there were various constitutional defects in Petitioner's criminal proceeding. The defects caused a substantial violation of his constitutional rights. *Id.* at 2-4.

These arguments do not demonstrate that exhaustion is futile. At most, Petitioner argues he should be permitted to prosecute a concurrent Section 2254 action while his direct appeal is pending based on defects in the underlying criminal proceeding. There is no authority that would permit the Court to overlook a statutory requirement under these circumstances. This is especially true where, as here, Petitioner has counsel in the state appellate proceeding, and the matter has been fully briefed for less than a month.

To the extent Petitioner attempts to overcome the exhaustion requirement based on the fundamental miscarriage of justice exception, relief is unavailable. Under certain circumstances, habeas courts can consider unexhausted Section 2254 claims if the petitioner demonstrates innocence or, alternatively, "cause" and "actual prejudice" if the claims are not considered. *See McQuiggin v. Perkins,* 569 U.S. 383, 392 (2013). The Response does not show Petitioner is factually innocent of any crime. It also fails to demonstrate cause (*i.e.,* that "some objective factor external to the defense" impeded his ability to exhaust remedies) or

prejudice. *See Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (setting forth the cause and prejudice standard). As noted above, criminal judgment is not yet final. Petitioner may still seek certiorari review with the NMSC, if the NMCA affirms his convictions. If he completes this process, Petitioner may file a new Section 2254 proceeding. Hence, Petitioner has not shown exhaustion would be futile or that enforcing the statutory requirement would result in a miscarriage of justice.

The Court will dismiss this Section 2254 proceeding without prejudice to refiling. This proceeding will not count as Petitioner's first habeas challenge, for purposes of the restrictions on second/successive claims. *See* 28 U.S.C. § 2244(b) (noting district courts generally only have jurisdiction over a petitioner's first Section 2254 petition, and petitioners must obtain Circuit authorization before filing a second/successive petition). The Court will also deny a certificate of appealability under Habeas Rule 11, as the failure to exhaust state remedies is not reasonably debatable.

IT IS ORDERED:

1. The above-captioned Section 2254 action, including each claim raised in the opening pleading (Doc. 1) and the Show-Cause Response Amending 28 U.S.C. § 2254 Claims and Addressing Exhaustion (Doc. 10), is dismissed without prejudice.

2. Petitioner's Motions to Proceed *In Forma Pauperis* (Docs. 11, 14) are granted.

3. Petitioner's Motion for Proof of Service (Doc. 8); Motion Regarding Obstruction (Doc. 13); and Motion Seeking Authentication and Transparency Regarding Scanned Envelope (Doc. 15) are denied.

4. A certificate of appealability is denied.

5. The Court will enter a separate judgment closing this civil habeas case.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.